UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Daniel N. Dixon,

    Plaintiff,

vs.                                                      Case No.  3:05-cv-595-J-25MCR

JEA (f/k/a "Jacksonville Electric Authority"),

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Affirmative Defenses (Doc. 4) filed August 17, 2005.  Defendant filed its response on September 19, 2005.  (Doc. 7).  The matter is now ripe for judicial review.

### **I. BACKGROUND**

On June 29, 2005, Plaintiff filed the Complaint in this case alleging employment discrimination on the basis of his age, race and gender.  (Doc. 1).  Defendant filed its Answer and Affirmative Defenses to the Complaint (Doc. 3) on July 28, 2005.  In it, Defendant raised fifteen affirmative defenses.  (Doc. 3).

On August 17, 2005, Plaintiff filed the instant motion seeking to strike five of Defendant's affirmative defenses.  (Doc. 4).  Essentially, Plaintiff argues Defendant's first affirmative defense, failure to state a claim upon which relief can be granted, should be stricken because it is conclusory boilerplate.  Plaintiff claims Defendant's second affirmative defense, failure to exhaust administrative remedies, and its third affirmative

defense, the statute of limitations, are inconsistent with Defendant's answer. Finally, Plaintiff argues Defendant's fourth and twelfth affirmative defenses are boilerplate and the fourth defense is wrong as a matter of law. (Doc. 4). Defendant responds that all of its affirmative defenses are appropriate. (Doc. 7).

## II. ANALYSIS

Rule 12(f) of the Federal Rules of Civil Procedure provides that upon a party's motion, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Pursuant to Rule 12(f), an affirmative defense may be stricken if it is legally insufficient, however, striking a defense is a "'drastic remedy[,]' which is disfavored by the courts." Thompson v. Kindred Nursing Centers East, LLC, 211 F.Supp.2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Public Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir. 1962) and Poston v. American President Lines Ltd., 452 F. Supp. 568, 570 (S.D. Fla. 1978)). "An affirmative defense will be held insufficient as a matter of law only if it appears that the defendant cannot succeed under any set of facts which it could prove." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995)) Furthermore "'a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" Nankivil v. Lockheed Martin Corp., 216 F.R.D. 689, 691 (M.D. Fla. 2003), aff'd, __ F.3d __, 2003 WL 22669331 (11th Cir. 2003) (quoting, Reyher, 881 F. Supp. 574; Florida Software Sys., Inc. v. Columbia/HCA Healthcare Corp., 1999 WL 781812, at *1 (M.D. Fla. 1999).

In the instant case, the Court finds the affirmative defenses asserted by Defendant are not insufficient as a matter of law because the Court is satisfied the Defendant could prove a set of facts which would entitle it to the defenses. Moreover, Plaintiff has not argued that the affirmative defenses raised by Defendant have "no possible relationship to the controversy" or "may confuse the issues." Indeed, the defenses seem to be directly related to the controversy in this case and the Court does not believe any of the defenses will confuse the issues in this case. Additionally, Plaintiff does not claim that he will be prejudiced by the defenses.

With respect to Defendant's first affirmative defense, failure to state a claim upon which relief can be granted, Plaintiff's argument is that the defense is improperly pled because Defendant failed to allege facts to support it and simply recited the standard for a motion to dismiss under Rule 12(b)(6). Defendant responds that its defense is a response to Plaintiff's "bare bones" complaint which failed to contain "a theory of discrimination under Title VII, much less the prima facie elements sufficient to establish a cause of action." (Doc. 7, p.4). As stated above, although this defense does not spell out Defendant's argument as to why Plaintiff's complaint fails to state a claim upon which relief can be granted, it does put Plaintiff on notice of the issues to be litigated and it cannot be said that such a defense has no possible relationship to the controversy, confuses the issues, or prejudices Plaintiff. Moreover, as the Complaint is admittedly lacking in detail, it is conceivable that Defendant could prove a set of facts under which such a defense could succeed. As such, the Court will not strike the defense.

As for Defendant's second, third and fourth affirmative defenses; failure to exhaust administrative remedies, statute of limitations and failure to show that Plaintiff is a member of a protected class; Plaintiff argues they are inappropriate because it is clear Plaintiff exhausted his administrative remedies, complied with the statute of limitations and is a member of a protected class. In its response, Defendant again references Plaintiff's bare-bones Complaint. The Court finds the defenses are sufficient. As a plaintiff cannot pursue an employment discrimination claim without first exhausting administrative remedies, satisfying the statutes of limitations and showing that he/she is a member of a protected class, these defenses are clearly relevant to the instant matter and it is a question of fact as to whether Plaintiff satisfied these requirements. "'If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record--such as on a motion for summary judgment.'" Mullis v. Universal Select, Inc., 1997 WL 827408 *2 (M.D. Fla. 1997) (quoting United States v. Martell, 844 F. Supp. 454, 457 (N.D. Ind.1994) (citations omitted)). Accordingly, as the defenses of failure to exhaust administrative remedies, statute of limitations and failure to show that Plaintiff is a member of a protected class arguably have some significance in the instant action, they cannot be said to be immaterial or impertinent to the case and will not be stricken at this time.

Finally, Plaintiff asserts Defendant's twelfth affirmative defense, that Plaintiff failed to mitigate his damages, must be stricken as "unsupported boilerplate." (Doc. 4, p.7). Again, the Court finds this defense is related to the controversy, would not

confuse any issues in the case and would not prejudice Plaintiff.  Additionally, Defendant could establish facts upon which this defense may succeed.  As such, it would be inappropriate to strike this defense.

Accordingly, at this time, the Court will deny Plaintiff's Motion to Strike in its entirety.  The Court is making no comment on the probable success on the merits of Defendant's defenses, but rather declines to grant such a drastic remedy at the present time.

### III.  CONCLUSION

The undersigned finds the defenses in this case are not insufficient as a matter of law, do not confuse the issues, do not unnecessarily prejudice the Plaintiff and are adequately related to the controversy.  Therefore, after due consideration, it is

**ORDERED**:

Plaintiff's Motion to Strike Affirmative Defenses (Doc. 4) is **DENIED** without prejudice.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  21st  day of September, 2005.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party