UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Daniel N. Dixon,

    Plaintiff,

vs.                                                         Case No.  3:05-cv-595-J-25MCR

JEA (f/k/a "Jacksonville Electric Authority"),

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Defendant's Rule 26(a)(1) Disclosures (Doc. 11) filed December 7, 2005.  On December 14, Defendant filed a response in opposition to the motion (Doc. 12).  Accordingly, the matter is now ripe for judicial review.

Plaintiff's motion seeks an order requiring Defendant to provide its Rule 26(a)(1) disclosures.  Defendant responded that on December 2, 2005, counsel for Plaintiff and counsel for Defendant conversed and agreed that Defendant would make its disclosures on Tuesday, December 6, 2005.  Counsel for Defendant claims the parties agreed that if the responsive documents were available in a scanned or electronic format, they would be emailed to counsel for Plaintiff.  Otherwise, the documents would be mailed.  The documents were not available in an electronic format and thus, were mailed to Plaintiff on December 6, 2005.  When he did not receive the documents on December 7, 2005, counsel for Plaintiff filed the instant motion without first contacting

opposing counsel. According to counsel for Defendant, counsel for Plaintiff received the documents on December 9, 2005.

Such Court filings could be avoided if counsel for all parties would speak with each other. Middle District Local Rule 3.01(g) requires a moving party to confer with opposing counsel prior to filing a motion to compel "in a good faith effort to resolve the issue." If the parties are unable to resolve their differences, Rule 3.01(g) requires the moving party to file a statement with his motion that certifies he has conferred with opposing counsel and the parties could come to no resolution.

The importance of the Local Rules cannot be overstated. All counsel are expected to be familiar with and comply with all applicable rules of this Court.[1] The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." Desai v. Tire Kingdom, Inc., 944 F. Supp. 876 (M.D. Fla. 1996). The term "communicate" has been further clarified to mean, "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." Davis v. Apfel, 2000 WL 1658575 (M.D. Fla. 2000). Moreover, the Middle District Discovery Handbook provides:

> Local Rule 3.01(g), requiring certification of a good faith conference before any discovery motion is filed, is strictly enforced. Many potential discovery disputes are resolved (or the differences narrowed or clarified) when counsel confer in good faith.

---

[1] Counsel for Plaintiff is instructed to review Local Rule 1.05 regarding the proper form of pleadings. In the future, filings that are not in at least 12-point type will be stricken.

Middle District Discovery (2001) at 20.  Additionally, once counsel for Plaintiff received the disclosures from Defendant, he should have notified the Court.  The parties are cautioned to comply with all rules of this Court in future filings.

Th Court agrees with Defendant that this matter no longer requires judicial action. Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion to Compel Defendant's Rule 26(a)(1) Disclosures (Doc. 11) is **DENIED** as moot.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  19th  day of December, 2005.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record